IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA NEWBECK, an individual; and
JOHN J. FORD, III, an individual,

    Plaintiffs,

  v.

WASHINGTON MUTUAL BANK; PLAZA HOME
MORTGAGE INC.; and WASHINGTON MUTUAL
MORTGAGE SECURITIES CORP.,

    Defendants.
_____/

No. C 09-01599 CW

ORDER DENYING PLAINTIFFS' <u>EX PARTE</u> APPLICATION FOR A TEMPORARY RESTRAINING ORDER

    Plaintiffs Veronica Newbeck and John Ford move <u>ex parte</u> for a temporary restraining order prohibiting Defendants from evicting them from their property located at 230 Cordova St., San Francisco, California, or from conducting a trustee sale of the property.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a

preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008).  "[T]he required showing of harm varies inversely with the required showing of meritoriousness."  Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987)).  "When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'"  Id. (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

    Plaintiffs have failed to demonstrate that a temporary restraining order should be granted.  First, they have not submitted any evidence demonstrating that they have a viable claim under the Truth in Lending Act (TILA), and thus it is impossible to evaluate the likelihood of their success on the merits.  Second, they have not identified the date of any potential foreclosure sale or eviction, and thus have not demonstrated that they are likely to suffer irreparable harm if Defendants are given an opportunity to oppose preliminary injunctive relief.  Third, even if Defendants violated TILA, Plaintiffs have not shown that enjoining foreclosure proceedings would be an appropriate remedy.  Fourth, Plaintiffs waited for nearly four months after initiating this lawsuit before

2

serving the complaint and filing the present motion, and thus any injury that may result from giving Defendants an opportunity to be heard is attributable to Plaintiffs' own delay.[1]

Plaintiffs' request for immediate <u>ex parte</u> relief is therefore DENIED.  If Plaintiffs seek a preliminary injunction, they must serve the summons and complaint on any Defendant against whom relief is sought.  They must then file a properly noticed motion under the Civil Local Rules.

IT IS SO ORDERED.

Dated: 8/6/09

CLAUDIA WILKEN<br>United States District Judge

---

[1] Although Plaintiffs state in their motion that Washington Mutual was served with the summons and complaint on July 27, 2009, they have not submitted proof of such service.  In addition, they do not allege that the other Defendants have been served.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VERONICA NEWBECK et al,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK et al,

    Defendant.

Case Number: CV09-01599 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John J. Ford
230 Cordova Street
San Francisco, CA 94112

Veronica Newbeck
230 Cordova Street
San Francisco, CA 94112

Dated: August 6, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk