1

2

3                      IN THE UNITED STATES DISTRICT COURT

4

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
                                                   No. C 09-1599 CW
7   VERONICA NEWBECK and JOHN J.
    FORD, III,                                     ORDER GRANTING
8                                                  DEFENDANTS' MOTIONS
              Plaintiffs,                          TO DISMISS
9                                                  (Docket Nos. 37 and
       v.                                          39)
10
    WASHINGTON MUTUAL BANK and PLAZA HOME
11  MORTGAGE, INC.,

12            Defendants.
    _____/
13

14       Plaintiffs Veronica Newbeck and John J. Ford, III charge

15  Defendants Washington Mutual Bank and Plaza Home Mortgage, Inc.

16  with failing to disclose information in violation of federal and

17  state law.  JP Morgan Chase, N.A., as receiver of Washington

18  Mutual's assets and liabilities, and Plaza Home move separately to

19  dismiss Plaintiffs' Amended Complaint.  (Docket Nos. 37 and 39.)

20  Plaintiffs oppose the motions.  The motions were decided on the

21  papers.  Having considered all of the papers submitted by the

22  parties, the Court GRANTS Chase's[1] and Plaza Home's motions.

23                              BACKGROUND

24       Because the Court's Order of January 19, 2010 (Docket No. 32)

25  explains the facts of this case in sufficient detail, Plaintiffs'

26  _____

27       [1] Although Chase has succeeded to Washington Mutual's assets
    and liabilities, because Plaintiffs name Washington Mutual as a
28  Defendant, the Court refers to the conduct as that of Washington
    Mutual, not Chase.

United States District Court
For the Northern District of California

allegations will not be repeated here in their entirety.  In sum, Plaintiffs allege that Plaza Home and Washington Mutual engaged in unlawful conduct in connection with a loan, secured by property at 230 Cordova Street in San Francisco, California.  Plaintiffs maintain that Plaza Home and Washington Mutual perpetrated fraud in the loan origination process and that they lacked standing to foreclose on the property.

On January 19, 2010, the Court granted Defendants' first motions to dismiss.  (Docket No. 32.)  Plaintiffs were granted leave to amend their complaint to cure the deficiencies identified in the Court's Order.  Plaintiffs filed an amended complaint on February 2, 2010.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550

United States District Court<br>For the Northern District of California

2

1  U.S. at 555).

2                           DISCUSSION

3       Plaintiffs' opposition does not directly respond to

4  Defendants' motions to dismiss.  Plaintiffs merely state, "The

5  arguments have been made.  They will not be repeated . . . ."

6  Opp'n at 2.  They then refer to the argument, already rejected by

7  the Court, that Plaza Home and Washington Mutual lacked standing to

8  foreclose on the Cordova Street property.

9       Plaintiffs do not appear to have amended their complaint in

10 any material way.  For the reasons stated below, the Court

11 dismisses their claims against Defendants with prejudice.

12 I.   Liability of Chase on Plaintiffs' Claims

13      For the first time in this litigation, Chase contends that it

14 cannot be held liable on Plaintiffs' claims.  Chase asserts that,

15 when it agreed to purchase and assume Washington Mutual's assets

16 and liabilities from the Federal Deposit Insurance Corporation

17 (FDIC), it did not assume any liability for any claims by borrowers

18 related to loans made or held by Washington Mutual.  Chase's

19 agreement with the FDIC provides,

           Notwithstanding anything to the contrary in this
20         Agreement, any liability associated with borrower claims
           for payment of or liability to any borrower for monetary
21         relief, or that provide for any other form of relief to
           any borrower, whether or not such liability is reduced to
22         judgment, liquidated or unliquidated, fixed or
           contingent, matured or unmatured, disputed or undisputed,
23         legal or equitable, judicial or extra-judicial, secured
           or unsecured, whether asserted affirmatively or
24         defensively, related in any way to any loan or commitment
           to lend made by the Failed Bank prior to failure, or to
25         any loan made by a third party in connection with a loan
           which is or was held by the Failed Bank, or otherwise
26         arising in connection with the Failed Bank's lending or
           loan purchase activities are specifically not assumed by
27         the Assuming Bank.

28

                                  3

Chase's Request for Judicial Notice (RJN),[2] Ex. 7 § 2.5.  Based on this provision, courts have held that the FDIC, not Chase, is the real party in interest concerning borrowers' claims arising from loans made or held by Washington Mutual.  <u>See, e.g.</u>, <u>Yeomalakis v. FDIC</u>, 562 F.3d 56, 60 (1st Cir. 2009); <u>Hilton v. Wash. Mut. Bank</u>, 2009 WL 3485953, at *2-*3 (N.D. Cal.).  Plaintiffs did not respond to this argument.

Because Plaintiffs' claims are related to a loan that was held by Washington Mutual, Chase's agreement with the FDIC requires dismissal of Plaintiffs' claims against it.  Even if Chase were an appropriate Defendant or Plaintiffs had sued the FDIC, their claims would nevertheless fail for the reasons detailed below.

II.  TILA Claims

Plaintiffs assert that Plaza Home and Washington Mutual violated TILA by failing to disclose information regarding the loan's interest rate and the potential for negative amortization.  Plaintiffs seek rescission of the loan and statutory damages.

As noted in the Court's prior Order, because Plaintiffs' property has already been sold, they no longer have a right to rescission.  15 U.S.C. § 1635(f).  Even if they had such a right, a debtor seeking rescission must "tender the property to the creditor . . . or its reasonable value."  <u>Id.</u> § 1635(b).  Plaintiffs have not plead that they are able to do so.  Thus, Plaintiffs are not

---

[2] Chase asks the Court to take judicial notice of documents related to the subject loan and its acquisition of the assets and liabilities of Washington Mutual.  Plaintiffs do not oppose this request.  Because the documents contain facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the Court grants Chase's request.  Fed. R. Evid. 201(b).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

entitled to the rescission of their loan.

Plaintiffs' claim for damages is untimely.  The subject loan was obtained on December 17, 2006.  Under the relevant statute of limitations, Plaintiffs must have filed suit for damages by December 17, 2007.  15 U.S.C. § 1640(e).  In their amended complaint, Plaintiffs appear to seek equitable tolling of the limitations period for damages.  See Am. Compl. at 30:23-25 (stating that the statute of limitations on their claim for damages begins to "run when the violation occurs, or when the borrower discovers that a violation has occurred . . . .") (emphasis in original).  Plaintiffs do not, however, plead facts to show that equitable tolling is warranted.  They do not aver that they were prevented from discovering, in the exercise of reasonable diligence, the information necessary to bring these damages claims within the one-year limitations period.  See, e.g., Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Linqad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (rejecting equitable tolling at pleading stage when "plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence") (citing Meyer).  Indeed, their amended pleading is devoid of any averments concerning the discovery of the alleged non-disclosures.  As a result, Plaintiffs are not entitled to equitable tolling.

Accordingly, Plaintiffs' claims for rescission and damages under TILA are dismissed with prejudice.  Any right to rescission, assuming one existed, expired upon the sale of Plaintiffs' property.  Plaintiffs were required to file a damages claim by December 17, 2007, one year from the date the loan documents were

1   signed.

2   III. Claim under California Business and Professions Code § 17200

3        California's Unfair Competition Law (UCL) prohibits any

4   "unlawful, unfair or fraudulent business act or practice."  Cal.

5   Bus. & Prof. Code § 17200.  The UCL incorporates other laws and

6   treats violations of those laws as unlawful business practices

7   independently actionable under state law.  Chabner v. United Omaha

8   Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of

9   almost any federal, state or local law may serve as the basis for a

10  UCL claim.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-

11  39 (1994).  In addition, a business practice may be "unfair or

12  fraudulent in violation of the UCL even if the practice does not

13  violate any law."  Olszewski v. Scripps Health, 30 Cal. 4th 798,

14  827 (2003).

15       Plaintiffs continue to base their UCL claim on Plaza Home's

16  and Washington Mutual's alleged violations of TILA and California

17  Financial Code section 22302 and on their alleged "unfair and

18  fraudulent"[3] business practices.  In its January 19 Order, the

19  Court concluded that the Home Owners' Loan Act of 1933 and

20  ────────────────────

21       [3] Although Plaintiffs also label Plaza Home's and Washington
     Mutual's conduct as "unfair," their allegations only refer to

22   fraudulent conduct.  See, e.g., Am. Compl. ¶ 106 (stating that
     Plaza Home and Washington Mutual engaged in marketing in a "false
     or deceptive manner"); id. ¶ 110 (alleging that Plaza Home failed

23   to disclose information).  The Court therefore understands
     Plaintiffs to plead the fraud prong of the UCL, not the unfair

24   prong.  Even if Plaintiffs intended to plead the unfair prong, they
     have not alleged facts to support such a claim.  To allege an

25   unfair practice under the UCL, a plaintiff must plead that "(1) the
     consumer injury is substantial, (2) the injury is not outweighed by

26   any countervailing benefits to consumers or competition, and
     (3) the injury is one that consumers themselves could not

27   reasonably have avoided."  Morgan v. AT&T Wireless Svcs., Inc., 177
     Cal. App. 4th 1235, 1254-55 (2009) (citation omitted).  Plaintiffs

28   do not make such allegations.

6

United States District Court
For the Northern District of California

regulations promulgated by the Office of Thrift Supervision preempt Plaintiffs' UCL claim to the extent that it is based on alleged violations of TILA and "unfair and fraudulent" business practices related to non-disclosure and the terms of the loan.  Because Plaintiffs' UCL claim, insofar as it is based on this theory, was already dismissed with prejudice, the Court does not consider it here.

Plaintiffs also base their UCL claim on a violation of California Financial Code section 22302, which prohibits unconscionable loan contracts.  The Court previously dismissed this claim, but granted Plaintiffs leave to amend to clarify whether they complained of an inability to review the loan documents or the substantive terms of the loan.  Plaintiffs have not amended their vague allegations concerning this theory.  Because their complaint lacks factual allegations that show procedural or substantive unconscionability, they cannot maintain their UCL claim on a violation of California Financial Code section 22302.

Accordingly, Plaintiffs' UCL claim is dismissed with prejudice.

IV.  Fraud Claim

Plaintiffs allege that Plaza Home's and Washington Mutual's failure to disclose information constituted fraud under California law.  To state a claim for fraud, a plaintiff must plead "'(a) misrepresentation; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'"  In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007) (quoting Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003));

United States District Court
For the Northern District of California

see generally Cal. Civ. Code §§ 1709-10.  In relevant part, deceit
is defined as the "suppression of a fact, by one who is bound to
disclose it, or who gives information of other facts which are
likely to mislead for want of communication of that fact."  Cal.
Civ. Code § 1710.

"In all averments of fraud or mistake, the circumstances
constituting fraud or mistake shall be stated with particularity."
Fed. R. Civ. Proc. 9(b).  The allegations must be "specific enough
to give defendants notice of the particular misconduct which is
alleged to constitute the fraud charged so that they can defend
against the charge and not just deny that they have done anything
wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).
Statements of the time, place and nature of the alleged fraudulent
activities are sufficient, id. at 735, provided the plaintiff sets
forth "what is false or misleading about a statement, and why it is
false."  In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th
Cir. 1994).  Scienter may be averred generally, simply by saying
that it existed.  Id. at 1547; see Fed. R. Civ. Proc. 9(b)
("Malice, intent, knowledge, and other condition of mind of a
person may be averred generally.").  Allegations of fraud based on
information and belief usually do not satisfy the particularity
requirements of Rule 9(b); however, as to matters peculiarly within
the opposing party's knowledge, allegations based on information
and belief may satisfy Rule 9(b) if they also state the facts upon
which the belief is founded.  Wool v. Tandem Computers, Inc., 818
F.2d 1433, 1439 (9th Cir. 1987).

In its January 19 Order, the Court dismissed with leave to
amend Plaintiffs' fraud claim because they failed to satisfy the

8

United States District Court

For the Northern District of California

heightened pleading requirement of Rule 9(b).  Plaintiffs do not appear to have amended their allegations concerning fraud.  They still do not identify "'the who, what, when, where, and how'" of the alleged fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  Nor do they identify any of Plaza Home's and Washington Mutual's employees who allegedly perpetrated the fraud.  And, as noted above, they do not even allege Washington Mutual's role in the origination of the loan.

As the Court stated in its prior Order, Plaintiffs cannot base their fraud claim solely on language in their loan documents and conclusory allegations that these statements were deceptive.  On their face, these statements disclose the loan's terms.  For instance, the documents state the potential for negative amortization.  Selden Decl., Exs. D-E at 1.  Plaintiffs have not plead how a fraud was perpetrated, despite the language contained in the disclosure documents.

Plaintiffs' fraud claim is therefore dismissed with prejudice. Plaintiffs have not plead fraud with particularity, nor have they alleged Washington Mutual's role in the alleged fraud.

V.   Request to "Set Aside Foreclosure Sale"

Plaintiffs reassert their request that the Court set aside Washington Mutual's foreclosure sale of their property.  As noted above, they repeat their argument concerning Washington Mutual's standing to foreclose on the property, which the Court rejected in its January 19 Order.

A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness.  Abdallah

United States District Court
For the Northern District of California

v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing
FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018,
1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D.
Cal.).  Without pleading tender or the ability to offer tender, a
plaintiff cannot state a cause of action to set aside a foreclosure
sale.  Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117
(1971) (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662
(1901)); Smith, 2009 WL 1948829, at *3 (citing Karlsen).

Plaintiffs have not alleged facts that warrant setting aside
the foreclosure sale.  Even if they had, Plaintiffs do not allege
tender or the ability to offer tender.  Plaintiffs' claim to set
aside the foreclosure sale is dismissed with prejudice.

VI.  Claim for Declaratory Relief

The Declaratory Judgment Act (DJA) permits a federal court to
"declare the rights and other legal relations" of parties to "a
case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil
Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).  The
"actual controversy" requirement of the Declaratory Judgment Act is
the same as the "case or controversy" requirement of Article III of
the United States Constitution.  Am. States Ins. Co. v. Kearns, 15
F.3d 142, 143 (9th Cir. 1993).

Plaintiffs' declaratory judgment claim fails because they have
not alleged facts showing that there is an actual case or
controversy.  The foreclosure sale has already been completed, and
this operates as a final adjudication of the rights among the
parties.  Accordingly, the Court dismisses Plaintiffs' declaratory
judgment claim with prejudice.

VII. Mr. Ford's Standing in this Action

Plaza Home renews its argument that, because Mr. Ford was not a party to the mortgage, he lacks standing to bring the claims asserted in this action.  Plaintiffs' amended complaint pleads that Mr. Ford has standing to bring the asserted claims as "a co-owner in the property and a signatory to the deed of trust."  Am. Compl. ¶ 15.  Further, some loan documents bear Mr. Ford's signature and the deed of trust names Mr. Ford as a "borrower."  See, e.g., RJN, Ex. 1.  However, Mr. Ford did not sign the amended complaint,[4] so it is not clear that he intends to join this lawsuit.

The Court need not resolve this issue because, as noted above, all claims asserted in the amended complaint are dismissed with prejudice.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss.  (Docket Nos. 37 and 39.)  Because Plaintiffs had an opportunity to amend their complaint and did not cure the defects identified by the Court, their claims are dismissed with prejudice.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008).  The Clerk shall enter judgment and close the file.  All parties shall bear their own costs.

IT IS SO ORDERED.

Dated: August 13, 2010

CLAUDIA WILKEN
United States District Judge

_____

[4] Although the amended complaint filed in the public record does not contain Ms. Newbeck's signature, it appears on the copy lodged with the Court.

11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


VERONICA NEWBECK, et al.,

            Plaintiffs,

  v.

WASHINGTON MUTUAL BANK, et al.,

            Defendants.

_____/

Case Number: CV09-01599 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.


Veronica  Newbeck
230 Cordova Street
San Francisco,  CA 94112

Dated: August 13, 2010

                      Richard W. Wieking, Clerk
                      By: MP, Deputy Clerk